**UNITED STATES, Plaintiff,**

v.

**Robin SAYA, Robbie Sylva, Frank Burke, Defendants.**

**Crim. No. 95–01065 ACK.**

United States District Court,
D. Hawaii.

Aug. 7, 1997.

Philip D. Bogetto, Honolulu, HI, for Alfredo Bunag.

Rustam Barbee, Office of the Federal Public Defender, Honolulu, HI, Gary Modafferi, Honolulu, HI, for Robbie Sylva.

William Harrison, Harrison & Matsuoka, Honolulu, HI, for Robin Sidney Saya.

Myles S. Breiner, Honolulu, HI, for Clinton Mau.

Jerry I. Wilson, Micheal Jay Green, David F. Klein, Honolulu, HI, for Frank Burke.

Michael Jay Green, Jeffrey T. Arakaki, Honolulu, HI, for Harland Kiliona Kanahele.

Florence T. Nakakuni, U.S. Attys. Office, Honolulu, HI, for U.S.

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE AND VACATING ORDER GRANTING GOVERNMENT'S MOTION FOR AN ANONYMOUS JURY

KAY, Chief Judge.

### DISCUSSION

The first trial in this case resulted in a mistrial because of a hung jury. Soon after the first trial, the government filed a motion for an anonymous jury. The Court granted the motion on June 27, 1997.

On July 28, 1997, Defendant Saya filed a motion for change of venue. At a hearing held on July 29, 1997, the remaining Defendants also moved to transfer venue. These motions followed the government's suggestion on July 24, 1997 that a change of venue may be proper in this case. At that time, all three Defendants also agreed that such a measure would be justified.

The Court has " 'a large discretion' in gauging the effects of allegedly prejudicial publicity and in taking measures to insure a fair trial." *United States v. McDonald,* 576 F.2d 1350 (9th Cir.1978). These measures may include transferring venue.

The issue of whether venue should be transferred in this case has been complicated and compounded by the government having successfully moved for an anonymous jury over strenuous objection of all defendants and further by the government recently suggesting that a change in venue would be appropriate but subsequently opposing such a transfer. An anonymous jury raises sensitive issues of whether defendants would get a fair trial, and the change in venue would obviate the need for an anonymous jury. Extensive publicity concerning the Defendants, coupled with the sensitive issues of an anonymous jury, aggravates the concern whether Defendants will receive a fair trial.

■ Fed.R.Crim.P. § 21 sets forth two separate basis for changing venue. Under Fed.R.Crim.P. § 21(a), a court can transfer venue if it "is satisfied that there exists in the district where the prosecution is pending so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district." *See* Fed. R.Crim.P. § 21(a).

To succeed on a motion under Fed. R.Crim.P. § 21(a), a defendant must establish either presumed prejudice or actual prejudice. *Harris v. Pulley,* 885 F.2d 1354, 1361–64 (9th Cir.1988) (*en banc*). Since this motion is brought before jury selection, only the "presumed prejudice" standard is applicable here. *See, id.* at 1363 (To determine whether actual prejudice exists, a court must examine the prospective jurors). In order to show presumed prejudice, Defendant must meet the following standard.

"Prejudice is presumed when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime." [*Harris,* 885 at 1361.] While such extraordinary publicity obviates the need to prove actual prejudice, "[t]he presumed prejudice principle is rarely applicable." *Id.* It is only applicable where the "the pretrial publicity was so extensive or the examination of the entire panel revealed such prejudice that a court could not believe the answers of the jurors and would be compelled to find bias or preformed opinion as a matter of law." *Beck v. Washington,* 369 U.S. 541, 557, 82 S.Ct. 955, 964, 8 L.Ed.2d 98 (1962).

*United States v. Rewald,* 889 F.2d 836, 863 (9th Cir.1989). In another context, however, the Supreme Court has stated that "where there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates, or transfer it to another county not permeated with publicity." *Sheppard v. Maxwell,* 384 U.S. 333, 363, 86 S.Ct. 1507, 1522–23, 16 L.Ed.2d 600 (1966).

■ This case meets both standards because it has been subject to continuous publicity. This publicity has dramatically increased since the Court granted the government's motion for an anonymous jury, which would have been the first such empanelment in the Federal District Court of Hawaii.

In addition, there has been recent and highly damaging publicity about Defendant Sylva. One news story described how Defendant Sylva allegedly submitted an altered affidavit in his petition for writ of mandate to the Ninth Circuit. This story leads to the natural deduction that Sylva is willing to manipulate the legal system in order to obtain his freedom. This deduction coupled with the empanelment of an anonymous jury could be highly damaging to Sylva.

There has also been recent publicity concerning Defendant Saya and his violent background (as a victim in a drug-style attempted murder, and as a convicted murderer him-

self). This publicity is highly damaging especially with the empanelment of an anonymous jury.

These latest stories combined with: (1) the continuous publicity this case has received, and (2) the heightened publicity this case would receive as the first anonymous jury empaneled in Hawaii, convince this Court that the presumed prejudice standard has been fulfilled. Because of the anonymous jury, moreover, the Court finds that a continuance will not cure the prejudice Defendants could experience.

In deciding this motion, the Court also notes an alternative four factor test set forth by Professor Wright for determining whether transfer of venue is appropriate: (1) whether "the publicity [was] recent, widespread and highly damaging"; (2) was the government responsible for the publication of the objectionable material; (3) "the inconvenience to the government and the administration of justice"; and (4) "whether a substantially better panel can be sworn at another time or place." Wright, Federal Practice and Procedure: Criminal 2d § 342, pgs. 250–51. In applying this alternative test, the Court also finds transfer justified.

### 1. *Recent, widespread and highly damaging publicity*

As noted above, this case has been the subject of recent, widespread and highly damaging publicity.

### 2. *Government responsible*

No evidence has been produced that the government was directly responsible for the dissemination of the damaging evidence although the Court finds that the government, along with counsel for Defendant Sylva, has contributed to some extent to the intensive publicity this case has received.

### 3. *The inconvenience to the government*

Although the government initially broached the subject of a transfer of venue (and also followed its initial suggestion with a brief seemingly approving of a transfer), the government has now changed its stance.

Consistent with its initial support of the motion, the government has not argued that trying this case on the mainland will be highly inconvenient. Instead, at the hearing, the government merely argued that it fears that a transfer in this case could create a precedent for other cases. As defense counsel pointed out, such a concern should not be a basis for denying Defendants' motion. Moreover, as indicated earlier, this case presents a unique situation, especially in view of the order providing for an anonymous jury. Therefore, it is unlikely the transfer of this case will be considered as setting a precedent. In conclusion, there will undoubtedly be some inconvenience to the government in trying this case on the mainland, but the Court finds such inconvenience inconsequential compared to the Defendants' Sixth Amendment right to a fair trial.

### 4. *Whether a substantially better panel can be sworn in another time or place*

This factor strongly favors transfer. A panel sworn elsewhere will be preferable for the following reasons: (1) it will not have to be anonymous; (2) it likely will not be subject to any publicity during the trial; and (3) it will not have been subject to any past publicity.

As evident, under either the Ninth Circuit test or the one set forth by Professor Wright, this case will be well served by a transfer to another venue. The combination of the intense publicity the case has received with the empanelment of an anonymous jury (which magnifies any negative publicity the Defendants receive) poses a serious threat to the Defendants' ability to receive a fair and impartial jury in this venue. A simple and adequate solution to this dilemma is to transfer the case to another venue. Trial in another venue will most likely receive little publicity and need not be presented to an anonymous jury. It is highly improbable that the persons responsible for jury intimidation and jury tampering in the first trial would travel across the Pacific Ocean to the site of the new trial. Accordingly, the Court GRANTS Defendants' motion for change of venue and VACATES its order granting the

government's motion for anonymous jury (with no objection by the government).[1]

IT IS SO ORDERED.

---

1. The Court will enter a subsequent order setting the time and district in which the new trial will be held after these matters have been resolved.